


ENTERED
01/10/2013

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 12-33559** |
| **SANDRA ANN WYCKOFF** | § | **CHAPTER 7** |
| | § | |
| **Debtor(s).** | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| **EARLENE BUGGS** | § | |
| | § | |
| **Plaintiff(s),** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 12-03245** |
| | § | |
| **SANDRA WYCKOFF** | § | |
| | § | |
| **Defendant(s).** | § | |

**MEMORANDUM OPINION**

Debtor/Defendant, Sandra Wyckoff's Motion for Summary Judgment (ECF No. 32), is granted in part and denied in part. Summary judgment is granted with respect to the claims under 11 U.S.C. §§ 523(a)(2)(A), (B) and § 521(a)(1). Summary judgment is denied with respect to the claim under 11 U.S.C. § 523(a)(4).

**Background**

On December 14, 2010, the 295th Judicial District Court of Harris County, Texas issued its final summary judgment against Ms. Wyckoff in Ms. Wyckoff' suit against the Plaintiff in the instant adversary, Earlene Buggs. (ECF No. 1-1 at 1). The final summary judgment awarded Ms. Buggs over $40,000.00 in damages and ordered that KLAR Collections, L.P. should be wound up and terminated. (ECF No. 1-1 at 1). When the final summary judgment was issued, KLAR owned inventory, trade fixtures (such as mannequins), and other miscellaneous assets. (ECF No. 1-1 at 1). Ms. Wyckoff, maintaining that she had never been in partnership with Ms.

Buggs, did not wind up and terminate KLAR. (ECF No. 1-1 at 1). Instead, Ms. Wyckoff used KLAR's assets in her ongoing business operations. (ECF No. 1-1 at 1).

On May 3, 2011 Ms. Wyckoff filed a voluntary chapter 13 petition (Case No. 11-33997). (ECF No. 1 at 4). On September 28, 2011, this Court entered an Order Denying Confirmation and Denying Exemptions. (ECF No. 1-1). The case was dismissed on December 2, 2011. (ECF No. 1 at 4). On February 13, 2012, Ms. Wycoff filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Central District of California. (ECF No. 1 at 4). Because such venue was improper, the case was transferred to the Southern District of Texas on May 9, 2012. (ECF No. 1 at 4). Ms. Wyckoff's current bankruptcy schedules show that she transferred the property owned by KLAR to an entity that she owned as sole shareholder. (ECF No. 1 at 5). Ms. Buggs claims that Ms. Wyckoff has undervalued the property the disputed property. (ECF No. 1 at 6).

On May 21, 2012, Ms. Buggs filed the instant adversary seeking an exception to discharge under 11 U.S.C. § 523. (ECF No. 1). Ms. Wyckoff filed her Answer on July 11, 2012 (ECF No. 13). Ms. Wyckoff filed her Motion for Summary Judgment on November 29, 2012. (ECF No. 19). Ms. Buggs filed her Response on December 21, 2012. (ECF No. 21). Ms. Wyckoff filed her Reply on December 26, 2012. (ECF No. 32). Ms. Buggs filed her Sur-Reply on December 27, 2012. (ECF No. 33).

**Analysis**

**A. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

(5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**B. 11 U.S.C. §§ 523(a)(2)(A), (B)**

Section 523 of the Bankruptcy Code provides in pertinent part that:

(a) A discharge under § 727…does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

To sustain a § 523(a)(2)(A) action, a party must prove common law fraud. *In re Mercer*, 246 F.3d 391, 401-401 (5th Cir. 2001).

For Ms. Wyckoff's representation to constitute false pretenses or false representation Ms. Buggs must prove that Ms. Wyckoff told: "(1) a knowing and fraudulent falsehood; (2) describing past or current facts; (3) that was relied upon by the other party." *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992).

For Ms. Wyckoff's representation to constitute actual fraud Ms. Buggs must show that, "(1) debtor made representations; (2) that at the time they were made, debtor knew to be false; (3) debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained losses as a proximate cause of the representations." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995).

Ms. Buggs has not alleged facts sufficient to support a claim under either §§ 523(a)(2)(A) or (B). With respect to § 523(a)(2)(A), Ms. Buggs has presented no evidence of a false representation, false pretense or actual fraud that occurred prior to Ms. Wyckoff's bankruptcy filing. There is no evidence that the underlying debt was procured by fraud, and the state court

final summary judgment was not based on fraud allegations. Similarly under § 523(a)(2)(B), Ms. Buggs presents no evidence of a pre-petition false written statement regarding Ms. Wyckoff's financial condition. Any claims of a false statement relate to the false statements made in Ms. Wyckoff's bankruptcy Schedules. And, there is no allegation that Ms. Buggs ever relied on those false allegations. The underlying debt to Ms. Buggs will not be excepted from discharge on account of these statements.

Summary judgment is granted in favor of Ms. Wyckoff with respect to Ms. Buggs claim under §§ 523(a)(2)(A) and (B).

**C. 11 U.S.C. § 523(a)(4)**

11 U.S.C. § 523(a)(4) provides that, a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is non-dischargeable. This exception to discharge is intended to reach debts incurred through abuses of fiduciary positions. *In re Powers*, 261 Fed. Appx. 719, 723 (5th Cir. 2008). This exception deals with debts arising from the debtor's acquisition or use of property that is not the debtor's. *Id*.

The state court final summary judgment ordered Ms. Wyckoff to wind up the partnership affairs and awarded Ms. Buggs $40,000.00. Ms. Wyckoff failed to comply with this order and instead transferred the assets of KLAR into a new entity based on her personal belief that a partnership was never formed. Regardless of Ms. Wyckoff's belief, the state court's final summary judgment resolved the matter and established that a partnership was formed. Ms. Wyckoff had a duty to comply with the state court order. Ms. Buggs does not seek summary judgment on this issue. Ms. Wycoff seeks summary judgment but fails to explain how her disposition of the assets would not have been a defalcation. At best, there remains a genuine issue of material fact regarding whether it was a defalcation of Ms. Wyckoff's fiduciary duty not

to comply with the state order.

The Court notes that the alleged defalcation did not cause the original loss set forth ni Ms. Buggs' judgment. Nevertheless, Ms. Buggs may have a claim against Ms. Wycoff for her defalcation. The burden will be on Ms. Buggs to demonstrate the extent of her damages. With respect to Ms. Buggs claim under 11 U.S.C. § 523(a)(4), summary judgment is denied.

**D. 11 U.S.C. § 521(a)(1)**

11 U.S.C. § 521(a) provides a list of all the items that a debtor must file along with his or her bankruptcy petition. Ms. Buggs claim that Ms. Wyckoff falsified certain aspects of this information is not a grounds for excepting the debt owed to Ms. Buggs from discharge. Proof of failure to comply with § 521(a) or falsification may be grounds for a denial of discharge under § 727, but is not the basis for an exception to discharge. The lawsuit does not seek a § 727 denial of discharge. Summary judgment is granted with respect to Ms. Buggs § 521(a)(1) claim.

**Conclusion**

The Court will enter an order consistent with this memorandum opinion.

SIGNED **January 10, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE